IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

MELVIN WILLIS,
Petitioner,

v.

Case No. 19–CV–00961–JPG

UNITED STATES OF AMERICA,
Respondent.

## **MEMORANDUM & ORDER**

**I.   INTRODUCTION**

This is a proceeding for postconviction relief under 28 U.S.C. § 2255. Before the Court is Petitioner Melvin Willis' Motion to Vacate, Set Aside, or Correct Sentence. Because Willis' direct appeal is still pending, his Motion is **DISMISSED** as untimely. The Court **DECLINES** to issue a certificate of appealability.

**II.   PROCEDURAL & FACTUAL HISTORY**

In 2011, Willis appeared before this Court and pleaded guilty to conspiring to distribute cocaine base. (Judgment at 1, Crim. R.,[1] ECF No. 45; Indictment at 1–2, Crim. R., ECF No. 1). The Court sentenced him to a term of 210-months' imprisonment, followed by a term of 10 years' supervised release. (Id. at 3). The Court reduced the term of imprisonment to 108 months in 2017. (Order Reducing Sentence at 1, Crim. R., ECF No. 79). He was released the next year. (Modification of Conditions of Supervised Release at 1, Crim. R., ECF No. 82).

Within three months after Willis' release, the United States Probation Office submitted a noncompliance report when Willis was arrested for domestic battery and driving on a revoked license. (Sealed Report of Offender at 1, Crim. R., ECF No. 83). And just over two months after

---

[1] "Crim. R." refers to record documents in Willis' criminal case, United States v. Willis, No. 10–CR–40059–JPG (S.D. Ill. Nov. 2, 2010). "Civ. R." refers to record documents in this case.

the Court conducted a noncompliance hearing, Willis was again arrested for domestic battery. (Petition for Revocation of Supervised Release at 1, Crim. R., ECF No. 88). The Court conducted a revocation hearing and sentenced Willis to a term of 48-months' imprisonment. (Judgment for Revocation of Supervised Release at 1, Crim. R., ECF No. 119).

Willis is appealing the Judgment to the United States Court of Appeals for the Seventh Circuit. (Notice of Appeal at 1, Crim. R., ECF No. 121; United States v. Willis, No. 19–2679 (7th Cir. Aug. 20, 2019)). Although the appeal is still pending, Willis moved to vacate the Judgment under 28 U.S.C. § 2255. (Pet'r's Mot. to Vacate at 1, Civ. R., ECF No. 1). The Court did not order the Government to respond.

### III. LAW & ANALYSIS

Federal prisoners may challenge their detention "upon the ground that the sentence was imposed in violation of the Constitution" under 28 U.S.C. § 2255. But "a section 2255 motion is neither a recapitulation of nor a substitute for a direct appeal." Belford v. United States, 975 F.2d 310, 313 (7th Cir. 1992). "The well established rule is that, absent extraordinary circumstances, the district court should not consider § 2255 motions while a direct appeal is pending." United States v. Robinson, 8 F.3d 398, 405 (7th Cir. 1993). "Whether extraordinary circumstances exist is a question the answer to which depends upon the balancing of the need for speedy relief against the need for conservation of judicial resources." United States v. Davis, 604 F.2d 474, 484 (7th Cir. 1979).

Extraordinary circumstances are not present in any of Willis' grounds for relief. Each ground attacks the sufficiency of the evidence presented during the revocation hearing:

> Ground 1: "Parties admitted to pulling a knife on me in domestic dispute."

> Ground 2: "Parties tampered with evidence by prying the door to the car involved in the driving while revoked to support their story of me driving."
>
> Ground 3: "Parties initially dropped domestic battery charge in state court but came to federal court and stated under oath I did hit them."
>
> Ground 4: "Parties stated under oath I told her I was driving the car on jail phone, evidence should have been submitted."

(Pet'r's Mot. to Vacate at 4). These challenges are better addressed to the Seventh Circuit, who will determine whether the Court abused its discretion in revoking Willis' term of supervised release. See United States v. Dillard, 910 F.2d 461, 464–65 (7th Cir. 1990). Should the Seventh Circuit find that the Court erred, it will remand this case for a rehearing. The Court must therefore dismiss Willis' Motion as untimely because the " 'determination of the direct appeal may render collateral attack unnecessary.' " Davis, 504 F.2d at 484–85 (quoting Womack v. United States, 395 F.2d 630, 631 (D.C. Cir. 1968)). That said, this decision does not preclude Willis from renewing his Motion after the Seventh Circuit rules on his appeal.

## IV.   CERTIFICATE OF APPEALABILITY

A § 2255 petitioner may not proceed on appeal without a certificate of appealability. 28 U.S.C. § 2253(c)(1). A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." Id. § 2253(c)(2). This requires the petitioner to "demonstrate that reasonable jurists could debate whether [the] challenge in [the] habeas petition should have been resolved in a different manner or that the issue presented was adequate to deserve encouragement to proceed further." Ouska v. Cahill-Masching, 246 F.3d 1036, 1046 (7th Cir. 2001).

Willis has not made a substantial showing that he was denied a constitutional right. Reasonable jurists could not debate whether extraordinary circumstances exist warranting the

— 4 —

consideration of Willis' Motion before the Seventh Circuit rules on his appeal; and the issues presented are not adequate to deserve encouragement to proceed further. The Court therefore declines to issue a certificate of appealability.

## V.   CONCLUSION

Willis' Motion to Vacate, Set Aside, or Correct Sentence is **DISMISSED** as untimely. The Court **DECLINES** to issue a certificate of appealability.

**IT IS SO ORDERED.**

**Dated: Monday, May 11, 2020**

                                          **S/J. Phil Gilbert**
                                          **J. PHIL GILBERT**
                                          **UNITED STATES DISTRICT JUDGE**